# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

JAMES HELFRICH,

          Plaintiff,             :        Case No. 2:19-cv-4825

   - vs -                                Judge Sarah D. Morrison
                                       Magistrate Judge Elizabeth Preston Deavers

CITY OF PATASKALA, *et al.*,

                                   :

          Defendants.

## OPINION AND ORDER

This matter is before the Court on the following motions: (1) Defendants City of Newark and Tricia Moore's Motion to Dismiss the Complaint (ECF No. 19); (2) Defendant Isaac Wiles Burkholder & Teeter, LLC's Motion to Dismiss the Complaint (ECF No. 20); (3) Defendants City of Pataskala, Bruce Brooks, Mike Boals, Josh McGeorge, Gary Smith, and Anthony Wisniewski's Motion to Dismiss the Complaint (ECF No. 21); (4) Defendant Judge David N. Stansbury's Motion to Dismiss the Complaint (ECF No. 22), and; (5) Plaintiff's Motion to Amend the Complaint if this Court finds it inadequate (ECF No. 34). All these motions are fully briefed and ripe for decision.

    **I.**    **Allegations Contained in the Complaint**

For purposes of the pending Motions, the Court must accept the allegations in the Complaint as true, drawing all reasonable inferences in favor of the plaintiff. According to the Complaint, Plaintiff James Helfrich has been an active critic of "the city, the police dept. and the judicial system within Licking County, Ohio." (Compl., ¶ 2, ECF No. 1). He is outspoken about his political beliefs and advocates to oppose waste in cities and schools. (*Id.*). He filed this case because Defendants have retaliated against him for his conduct. (*Id.* ¶ 3).

1

The Complaint sets forth an extensive list of incidents and disputes with many of Defendants. Mr. Helfrich alleges that he has had problems with the City of Pataskala for many years (*Id.* ¶¶ 20–24) and that "Defendants" escalated their retaliation in 2017. (*Id.* ¶ 25). He then sets forth various problems that he has had since 2017 with Pataskala and its employees, including the police department. (*Id.* ¶¶ 26–43, 48–49, 57).

Mr. Helfrich's allegations include a list of 15 claims, both federal and state. His federal claims are all necessarily brought under 42 U.S.C. § 1983 and/or § 1985.

## II. Analysis

Three of the pending Motions to Dismiss seek dismissal under both Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. The fourth Motion to Dismiss seeks dismissal only under Rule 12(b)(6).

### A. 12(b)(1) Motions to Dismiss for Lack of Subject-Matter Jurisdiction

Federal Rule of Civil Procedure 12(b)(1) provides for dismissal when the court lacks subject matter jurisdiction. Without subject matter jurisdiction, a federal court lacks authority to hear a case. *Thornton v. Sw. Detroit Hosp.*, 895 F.2d 1131, 1133 (6th Cir. 1990). Motions to dismiss for lack of subject matter jurisdiction fall into two general categories: facial attacks and factual attacks. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). A facial attack under Rule 12(b)(1) "questions merely the sufficiency of the pleading[,]" and the trial court therefore takes the allegations of the complaint as true. *Wayside Church v. Van Buren Cnty.*, 847 F.3d 812, 816 (6th Cir. 2017) (internal quotation marks omitted). To survive a facial attack, the complaint must contain a short and plain statement of the grounds for jurisdiction. *Rote v. Zel Custom Mfg. LLC*, 816 F.3d 383, 387 (6th Cir. 2016). A factual attack is a challenge to the factual existence of subject matter jurisdiction, in which case no presumptive truthfulness applies to the factual

allegations. *Ritchie*, 15 F.3d at 598. In the context of a factual attack, a reviewing court may weigh the evidence in order to satisfy itself as to the existence of its power to hear the case. *Id.*

When subject matter jurisdiction is challenged, "the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990).

### 1. *Rooker-Feldman* doctrine

Defendants Moore, Boals, Smith, and Stansbury each seek dismissal pursuant to the *Rooker-Feldman* doctrine in their respective motions.

A motion to dismiss for lack of subject matter jurisdiction pursuant to *Rooker-Feldman* is a facial attack of a court's subject matter jurisdiction because the doctrine limits a district court's jurisdiction over cases and controversies. *See Tropf v. Fidelity Nat. Title Ins. Co.*, 289 F.2d 929, 936–37 (6th Cir. 2002); *King v. CitiMortgage, Inc.*, No. 2:10-CV-01044, 2011 WL 2970915, at *5 (S.D. Ohio July 20, 2011). The *Rooker-Feldman* doctrine originates from two Supreme Court decisions: *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). In each case, the Court found that the lower federal courts lacked subject matter jurisdiction over the controversies because, pursuant to 28 U.S.C. § 1257, the Supreme Court alone has appellate jurisdiction over state court decisions. *Rooker*, 263 U.S. at 414–15; *Feldman*, 460 U.S. at 478–79.

The Supreme Court revisited the *Rooker-Feldman* doctrine in *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005). In *Exxon*, the Supreme Court stated that the *Rooker-Feldman* doctrine "is confined to cases . . . brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* at 284. After

the *Exxon* decision, the Sixth Circuit has narrowly construed *Rooker-Feldman. See Coles v. Granville*, 448 F.3d 853, 857 (6th Cir. 2006).

To determine if the *Rooker-Feldman* doctrine applies to a case, the Sixth Circuit has adopted the "source of the injury" test. *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2007). The court must determine whether the "source of the injury is the state court decision," if so, "then the *Rooker-Feldman* doctrine would prevent the district court from asserting jurisdiction." *Id.* The Sixth Circuit emphasized that "the pertinent inquiry after *Exxon* is whether the 'source of the injury' upon which plaintiff bases his federal claim is the state court judgment, not simply whether the injury complained of is 'inextricably intertwined' with the state-court judgment." *Kovacic v. Cuyahoga Cnty. Dep't of Children & Family Servs.*, 606 F.3d 301, 309 (6th Cir. 2010) (quoting *McCormick*, 451 F.3d at 393–95). Thus, "if the plaintiff has a claim that is in any way independent of the state-court judgment, the *Rooker-Feldman* doctrine will not bar a federal court from exercising jurisdiction." *Abbott v. Michigan*, 474 F.3d 324, 330 (6th Cir. 2007) (footnote omitted).

This Court must determine whether Mr. Helfrich seeks relief from the state court judgment itself or if there is any independent source of injury for which he is seeking relief.

      a.      **Defendant Moore**

Defendant Moore is an Assistant County Prosecutor who prosecuted Mr. Helfrich's state court theft case. His allegations against Ms. Moore all relate to her conduct during the criminal case, alleging that she lied to the jury. (Compl., ¶¶ 51, 52). The source of the injury alleged was not the state court judgment itself but rather the actions of Defendant Moore in allegedly lying to the jury and presenting false testimony. Thus, he has stated independent claims to which *Rooker-*

*Feldman* does not apply. *See Brown v. First Nationwide Mortg. Corp.*, 206 Fed. Appx. 436, 440 (6th Cir. 2006).

### b. Defendants Boals and Smith

Defendant Boals is the assistant chief of police in Pataskala and Defendant Smith is a detective with the Pataskala police department. Mr. Helfrich's claims against these two Defendants similarly do not allege injury arising from the state court judgment in his criminal case but on other, independent grounds.

As to Mr. Boals, considering the allegations in the light most favorable to Plaintiff, Mr. Helfrich alleges misconduct by Defendant Boals regarding a lease on real property and by conspiring to file false trespass charges. (Compl., ¶ 14). There is also an allegation that Defendant Boals was in the state's witness room during Mr. Helfrich's criminal trial when he was not a state witness. (*Id.* ¶ 53). As to Mr. Smith, Mr. Helfrich alleges that Defendant Smith improperly communicated with witnesses during his criminal trial. (*Id.* ¶ 56). These allegations may be barred on other grounds, but they are not barred by *Rooker-Feldman*.

### c. Defendant Judge Stansbury

In contrast, Mr. Helfrich contends that Judge Stansbury erred in his rulings and his handling of Mr. Helfrich's criminal trial and several civil cases, all of which occurred in state municipal court. As to Judge Stansbury, the harm Mr. Helfrich alleges is the direct result of the judgments and decisions issued in those state court cases. (*See* Compl. ¶¶ 51, 60–62 (refusing to allow rebuttal testimony, admitting other evidence); ¶¶ 64–65, 67 (vacating entries and taking other actions in civil cases); ¶¶ 59, 64, 65, 67 (rulings); ¶¶ 80–82 (sentencing)). Thus, Mr. Helfrich is essentially asking this Court to conduct an appellate review of Judge Stansbury's various rulings, which this Court does not have jurisdiction to do under *Rooker-Feldman.*

5

The claims against Judge Stansbury fall within the confines of the *Rooker-Feldman* doctrine. For this reason, the Court does not have jurisdiction over these claims, and they must be **DISMISSED**.

> 2. *Heck v. Humphry* doctrine

All Defendants except for the Isaac Wiles firm also seek dismissal based on *Heck v. Humphrey*, 512 U.S. 477 (1994). In that case, the Supreme Court held that a state prisoner cannot make a cognizable claim under § 1983 for an allegedly unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless a prisoner shows that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486–87 (footnote omitted).

Looking at the allegations in the Complaint, many of Mr. Helfrich's claims stem from Defendants' conduct leading to his criminal conviction. He claims that Defendant Smith "conspired with others to obtain a false conviction" (Compl., ¶ 16) and that Defendants Brooks, Boals, and Smith were in the state's witness room during his criminal trial, apparently to influence the state's witnesses. (*Id.* ¶¶ 53, 56). And he claims that Defendant Moore lied to the jury and presented false testimony during his criminal trial. (*Id.* ¶ 52). These claims are barred by *Heck v. Humphrey*. If Mr. Helfrich were to prevail, his conviction and sentence would be called into question. *See Laury v. Jevirell*, No. 15-13365, 2015 WL 5771992, at *2 (E.D. Mich. Oct. 2, 2015) (explaining that a state prisoner's § 1983 action is barred if success in that action would necessarily demonstrate the invalidity of his conviction and sentence); *Boyce v. Hobkirk*, No. 2:16-CV-14395, 2017 WL 445604, at *1 (E.D. Mich. Feb. 2, 2017) ("If Plaintiff were to prevail

on his claim concerning the validity of the investigation and criminal prosecution, his convictions and continued confinement would be called into question.").

Mr. Helfrich's claims against Defendants Moore, Brooks, and Smith are **DISMISSED**. His claims against Defendant Boals, related to his conduct regarding the state witnesses during trial, are also **DISMISSED**.[1]

### B. 12(b)(6) Motions to Dismiss for Failure to State a Claim

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted). A complaint which falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

When evaluating a Rule 12(b)(6) motion to dismiss, courts must construe the complaint in the light most favorable to the plaintiff and accept the complaint's allegations as true, drawing all reasonable inferences in favor of the plaintiff. *Coley v. Lucas Cnty., Ohio*, 799 F.3d 530, 537 (6th Cir. 2015); *Directv, Inc. v. Treesh,* 487 F.3d 471, 476 (6th Cir. 2007). The complaint need not contain detailed factual allegations, but it must include more than labels, conclusions, and formulaic recitations of the elements of a cause of action. *Directv*, 487 F.3d at 476. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S. at 555).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it

---

[1] Mr. Helfrich's claims against Defendant Boals related to the real estate lease and trespass charges (Compl., ¶ 14) are discussed *infra*.

> asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Id.* (internal citations and quotation marks omitted).

These standards apply equally when the plaintiff is pro se. Although a pro se litigant is entitled to a liberal construction of his pleadings and filings, he still must do more than assert bare legal conclusions, and the "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005).

### 1. Claims Against the Municipalities

Municipalities cannot be held vicariously liable under 42 U.S.C. § 1983 based on the theory of *respondeat superior* for injuries inflicted solely by their employees or agents. *Monell v. New York City Dep't of Soc. Services,* 436 U.S. 658, 690–92 (1978); *Gregory v. Shelby Cnty., Tennessee,* 220 F.3d 433, 441 (6th Cir. 2000); *see also Davis v. Bexley Police Dept.,* No. 2:08-cv-750, 2009 WL 414269, at *2 (S.D. Ohio Feb. 17, 2009) ("A plaintiff may not rely on the doctrine of *respondeat superior* to find a government entity liable under § 1983 when the claim is founded solely on an allegation that its agent caused the injury."). Courts have extended *Monell* to 42 U.S.C. § 1985. *Bouquet v. Clemmer*, 626 F. Supp. 46, 48 (S.D. Ohio 1985); *see also Moaz v. Denver Int'l Airport*, 747 Fed Appx. 708, 711 (10th Cir. 2018); *Zherka v. City of New York,* 459 Fed. Appx. 10, 12 (2d Cir. 2012) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 478 (1986)).

To state a claim for relief under federal law against a municipality, the plaintiff must allege that his injuries were the result of a "policy or custom" of the municipality. *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994); *see also Monell,* 436 U.S. at 694; *Polk Cnty. v.*

8

*Dodson*, 454 U.S. 312, 326 (1981) (municipal policy must be "moving force" behind constitutional deprivation); *Doe v. Claiborne Cnty.,* 103 F.3d 495, 507 (6th Cir. 1996). Municipalities and other governmental entities cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a policy or custom and the alleged deprivation. *Monell,* 436 U.S. at 691; *Deaton v. Montgomery Cnty., Ohio,* 989 F.2d 885, 889 (6th Cir. 1993)

To the extent Mr. Helfrich is alleging federal claims against the two cities, his Complaint fails to state a claim for relief. He has alleged no facts indicating that either the City of Newark or the City of Pataskala violated his rights pursuant to a policy or custom of either City. In the absence of such allegations, he has failed to state an actionable claim for relief based on the theory of municipal liability. *See Monell* 436 U.S. at 693–94.

The federal claims against the City of Newark and the City of Pataskala are **DISMISSED**.

### 2. Prosecutorial Immunity

The defense of absolute immunity presents a legal question which can be raised by a motion to dismiss under Rule 12(b)(6). *Bright v. Gallia Cnty., Ohio*, 753 F.3d 639, 648 (6th Cir. 2014). Prosecutors are absolutely immune from liability for their actions that are "intimately associated with the judicial phase of the criminal process." *Van de Kamp v. Goldstein*, 555 U.S. 335, 341 (2009) (internal quotations omitted). Immunity may not apply if the prosecutor is not acting as an officer of the court. *Id.* at 342. However, prosecutors have absolute immunity from suits for malicious prosecution and for other actions, including appearances at court proceedings and grand jury hearings and the evaluation and presentation of evidence at pretrial and trial proceedings. *Koubriti v. Convertino*, 593 F.3d 459, 467 (6th Cir. 2020). "[T]he critical inquiry is

9

how closely related is the prosecutor's challenged activity to his *role as an advocate* intimately associated with the judicial phase of the criminal process." *Holloway v. Brush,* 220 F.3d 767, 775 (6th Cir. 2000) (internal quotations omitted); *see also Red Zone 12 LLC v. City of Columbus*, 758 Fed. Appx. 508, 513 (6th Cir. 2019) ("The functional approach asks whether the conduct 'was undertaken in connection with one's duties in functioning as a prosecutor.'") (quoting *Skinner v. Govorchin*, 463 F.3d 518, 525 (6th Cir. 2006)).

"Absolute prosecutorial immunity is not defeated by a showing that the prosecutor acted wrongfully or even maliciously, or because the criminal defendant ultimately prevailed on appeal or in a habeas corpus proceeding." *Grant v. Holenbach*, 870 F.2d 1135, 1138 (6th Cir. 1989) (internal quotations omitted). Prosecutorial immunity is not even defeated when a prosecutor makes "false or defamatory statements in judicial proceedings (at least so long as the statements were related to the proceeding), [or] . . . elicit[s] false and defamatory testimony from witnesses." *Burns v. Reed*, 500 U.S. 478, 489–90 (1991).

Mr. Helfrich does not allege that Defendant Isaac Wiles Burkholder & Teetor, LLC was acting outside of its prosecutorial duties when unidentified attorneys at the firm provided law director services to the City of Pataskala; his only allegations against this Defendant is that it was under contract with the City of Pataskala as legal counsel and it filed charges of trespass and theft against Mr. Helfrich. (Compl., ¶ 12). These alleged actions are "intimately associated with the judicial phase of the criminal process." *Van de Kamp*, 555 U.S. at 341. Absolute prosecutorial immunity therefore applies. Accordingly, the claims against Defendant Isaac Wiles Burkholder & Teetor, LLC are **DISMISSED** for failure to state a claim upon which relief can be granted.

### 3. Official-Capacity Claims

A lawsuit brought against a public official in his official capacity is treated as a suit against the government entity rather than the official personally, since the entity is the real party in interest. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). As a result, in order to prove liability, a plaintiff must prove that it was the entity's policy or custom that caused the constitutional injury. *Id*; *Monell*, 436 U.S. at 694.

As previously discussed, Mr. Helfrich has not alleged any policy or custom that caused his injuries. Consequently, the Court **DISMISSES** his official capacity claims against the individual Defendants.

### 4. Section 1985 Claims

Mr. Helfrich characterizes some of his claims as being brought pursuant to 42 U.S.C. § 1985, alleging that Defendants conspired to retaliate against him. (Compl., ¶ 86).

42 U.S.C. § 1985 governs "conspiracy to interfere with civil rights." Regarding "depriving persons of rights or privileges," the statute provides:

> If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; or if two or more persons conspire to prevent by force, intimidation, or threat, any citizen who is lawfully entitled to vote, from giving his support or advocacy in a legal manner, toward or in favor of the election of any lawfully qualified person as an elector for President or Vice President, or as a Member of Congress of the United States; or to injure any citizen in person or property on account of such support or advocacy; in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

*Id.* § 1985(3). "[C]onclusory allegations are not sufficient to state a claim under 42 U.S.C. [§] 1985(3)[.]" *Blackburn v. Fisk Univ.,* 443 F.2d 121, 124 (6th Cir. 1971). The Court is "required to accept only well pleaded facts as true, not the legal conclusions that may be alleged or that may be drawn from the pleaded facts." *Id.* (internal citations omitted).

"[T]o make out a violation of § 1985(3) . . . the plaintiff must allege . . . four elements: (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." *United Bhd. of Carpenters and Joiners of America, Local 610, AFL-CIO v. Scott,* 463 U.S. 825, 828–29 (1983).

As to the second element, the Supreme Court has stated that "there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Griffin v. Breckenridge,* 403 U.S. 88, 102 (1971). "A class protected by section 1985(3) must possess the characteristics of a discrete and insular minority, such as race, national origin, or gender." *Haverstick Enters., Inc. v. Fin. Fed. Credit, Inc.,* 32 F.3d 989, 994 (6th Cir. 1994) (citing *Hicks v. Resolution Trust Corp.,* 970 F.2d 378, 382 (7th Cir. 1992)); *see also Cameron v. Brock,* 473 F.2d 608, 610 (6th Cir. 1973) ("[Section] 1985(3)'s protection reaches clearly defined classes, such as supporters of a political candidate. If a plaintiff can show that he was denied the protection of the law because of the class of which he was a member, he has an actionable claim under § 1985(3)."); *O'Neill v. Grayson Cnty. War Mem'l Hosp.,* 472 F.2d 1140, 1145 (6th Cir. 1973) ("It is clear from the abovequoted language, however, that the requisite invidiously discriminatory intent must be class-based.").

12

Mr. Helfrich has not alleged that the motive for the conspiracy was a class-based animus. Therefore, all conspiracy claims pursuant to 42 U.S.C. § 1985 are **DISMISSED** against the remaining Defendants for failure to state a claim upon which relief may be granted. Even though they have not entered an appearance in this case, this includes Mr. Helfrich's claims against Defendants Brandon Kaiser and Brittney Johnson due to, among other reasons, his failure to allege class-based animus. Accordingly, this dismissal applies equally to Mr. Helfrich's § 1985 claims against them. *See Whitney v. State of New Mexico*, 113 F.3d 1170, 1173 (10th Cir. 1997) (holding that a district court may *sua sponte* dismiss a pro se complaint for failure to state a claim without leave to amend only where it is "patently obvious that the plaintiff could not prevail on the facts alleged, and allowing [him] an opportunity to amend [his] complaint would be futile") (internal quotations omitted).

5. **Section 1983 Claims**

To bring a cause of action under 42 USC § 1983, a plaintiff must allege sufficient facts that, if true, would establish that he was deprived of a federal constitutional right by a person acting under color of state law. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996).

After dismissal of many of his claims pursuant to the discussion above, Mr. Helfrich's complaint contains only conclusory allegations that his federal rights were violated. For example, he claims that the Defendants have retaliated against him by denying him public records (Compl., ¶ 58), that Defendant Boals was "settling a score" with him over a real estate lease (*Id.* ¶ 14), and that Defendant McGeorge filed three criminal complaints against him (*Id.* ¶ 36). Such allegations are vague, conclusory and insufficient to state a claim under § 1983, despite the liberal review afforded pro se pleadings. *Chapman v. City of Detroit,* 808 F.2d 459, 465 (6th Cir.

1986); *Brooks v. Seiter,* 779 F.2d 1177, 1179–80 (6th Cir. 1985). There are no allegations sufficient to allow any of Mr. Helfrich's § 1983 claims to survive against the remaining Defendants. This includes Defendants Kaiser and Johnson, since there is no allegation they were acting under color of state law.

For these reasons, Mr. Helfrich's claims brought pursuant to 42 U.S.C. § 1983 are **DISMISSED** against all remaining Defendants, including Mr. Kaiser and Ms. Johnson, for failure to state a claim upon which relief may be granted. *See Whitney*, 113 F.3d at 1173.

### 6. State Law Claims

Given the above analysis, the only remaining claims are those arising under state law. Although the Court has discretion to retain supplemental jurisdiction over these claims, doing so here would not be a prudent exercise of this discretion.

"A district court has broad discretion in deciding whether to exercise supplemental jurisdiction over state law claims." *Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1254 (6th Cir. 1996). "[D]istrict courts may decline to exercise supplemental jurisdiction over a claim . . . if [] (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c).

There are, of course, circumstances in which supplemental jurisdiction may be appropriate even where all federal claims have been resolved, such as when the district judge is already intimately familiar with a complicated case. In such a case, in the interest of judicial economy and convenience, supplemental jurisdiction may be appropriate. *See Carnegie-Mellon*

*Univ. v. Cohill*, 484 U.S. 343, 350 (1988) ("[A] federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims.").

This case is in its early stages, and all federal claims have been dismissed upon initial judicial presentation. The state courts are well-suited to decide the remainder of Mr. Helfrich's claims should he choose to pursue them.

### C. Leave to Amend the Complaint

Mr. Helfrich has also sought to amend his Complaint if the Court finds his original Complaint to be "inadequate." (ECF No. 34).

"Under Rule 12(b)(6), a plaintiff with an arguable claim is ordinarily accorded notice of a pending motion to dismiss for failure to state a claim and an opportunity to amend the complaint before the motion is ruled upon." *Neitzke v. Williams,* 490 U.S. 319, 329 (1989). Further, "pro se litigants are to be given reasonable opportunity to remedy the defects in their pleadings." *Hall v. Bellmon,* 935 F.2d 1106, 1110 n.3 (10th Cir. 1991). However, dismissal of a pro se plaintiff's complaint for failure to state a claim without leave to amend is appropriate "where it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing [him] an opportunity to amend [his] complaint would be futile." *Wolf v. Petrock*, 382 Fed. Appx. 674, 677 (10th Cir. 2010).

Here, for the reasons set forth above, amendment of Mr. Helfrich's Complaint would be futile; his federal claims cannot be saved by an amendment. Accordingly, the Motion to Amend the Complaint is **DENIED**.

### III. Conclusion

For the reasons set forth above, Motions to Dismiss filed by Defendants City of Newark and Tricia Moore (ECF No. 19), by Defendant Isaac Wiles Burkholder & Teeter, LLC (ECF No. 20), by Defendants City of Pataskala, Bruce Brooks, Mike Boals, Josh McGeorge, Gary Smith, and Anthony Wisniewski (ECF No. 21), and by Defendant Judge David N. Stansbury (ECF No. 22) are **GRANTED**. Plaintiff's Motion to Amend the Complaint is **DENIED** (ECF No. 34).

Mr. Helfrich's federal claims against Judge Stanbury, Ms. Moore, Mr. Brooks, Mr. Boals (talking to state witnesses), and Mr. Smith are **DISMISSED** without prejudice pursuant to Fed. R. Civ. P. 12(b)(1). Mr. Helfrich's federal claims against the City of Pataskala, City of Newark, Issac Wiles, Mr. Boals (real estate lease and trespass charges), Mr. Wisniewski, Mr. McGeorge, Mr. Kaiser, and Ms. Johnson are **DISMISSED** with prejudice pursuant to Fed. R. Civ. P. 12(b)(6). Mr. Helfrich's state law claims are **DISMISSED** without prejudice. The Clerk is **DIRECTED** to **TERMINATE** this case from the docket records of the United States District Court for the Southern District of Ohio, Eastern Division.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
SARAH D. MORRISON
UNITED STATES DISTRICT JUDGE